# IN THE COURT OF APPEALS OF TENNESSEE
## AT KNOXVILLE
June 2000 Session

## BETTY L. FOX v. FOOD LION, INC., STORE #539

### Appeal from the Circuit Court for Knox County
No. 2-156-97      Harold Wimberly, Judge

### FILED SEPTEMBER 21, 2000

### No. E1911-00015-COA-R3-CV

---

Betty L. Fox sued Food Lion, Inc., Store #539, seeking damages for personal injuries sustained when she fell in an aisle of the defendant's store. The trial court approved the jury's verdict for the plaintiff and entered judgment in her favor for $112,000. The defendant appeals, raising three issues, which we restate as follows: (1) whether there is material evidence that the defendant had actual or constructive notice of the allegedly dangerous condition that caused the plaintiff's fall; (2) whether the defendant owed a duty of care to the plaintiff; and (3) whether there is material evidence to support the jury's allocation of fault. We affirm.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed; Case Remanded

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which HOUSTON M. GODDARD, P.J., and D. MICHAEL SWINEY, J., joined.

Clarence Risin, Knoxville, Tennessee, for the appellant, Food Lion, Inc., Store #539.

Mark E. Floyd, Knoxville, Tennessee, for the appellee, Betty L. Fox.

### OPINION

#### I.

We review the facts in this case mindful of the limited nature of our jurisdiction in jury cases:

> It is the long established rule in this state that in reviewing a judgment based upon a jury verdict the appellate courts are not at liberty to weigh the evidence to decide where the preponderance lies, but are limited to determining whether there is material evidence to support the verdict; the appellate court is required to take the strongest legitimate view of all of the evidence in favor of the verdict, to

assume the truth of all that tends to support it, allowing all reasonable inferences to sustain the verdict, and to discard all to the contrary. Having thus examined the record, if there be any material evidence to support the verdict, it must be affirmed; if it were otherwise, the parties would be deprived of their constitutional right to trial by jury.

***Electric Power Bd. v. St. Joseph Valley Structural Steel Corp.,*** 691 S.W.2d 522, 526 (Tenn. 1985) (citations omitted); *see also **Truan v. Smith,*** 578 S.W.2d 73, 74 (Tenn. 1979). Our role is clear. We must scour the record in search of material evidence of facts, and reasonable inferences from those facts, that tend to support the jury's verdict. In the process, we must disregard all evidence to the contrary, even though such evidence may have supported one or more of Food Lion's theories of defense at trial. In summary, our responsibility is to determine whether there is any material evidence to support the jury's verdict, *see* Tenn. R. App. P. 13(d), regardless of the quantum of evidence to the contrary.

II.

On the morning of June 20, 1996, at approximately 9:15, Fox, who was then 65 years old, was shopping in defendant's grocery store. She began shopping in aisle one, which was approximately 11 feet wide and had rows of fixed shelves on either side and various displays of merchandise down the center. Fox proceeded down the right-hand side of aisle one to the rear of the store. She stopped and picked up a box of crackers and began reading the label on the box. After a few steps, she looked up and saw several 12-pack cases of soft drinks stacked on the floor against the shelves on the other side of aisle one. As she began walking toward these stacked cases, she tripped and fell over an empty wooden display base, fracturing her hip. The subject display base was approximately eight feet long, three feet wide, and six inches high. It was located between two displays of merchandise in the center of the aisle. The display base had been placed in the aisle by the defendant's store planner several months prior to the accident and was typically utilized as a display for 12-pack cases of soft drinks.

After Fox fell, Linda Ellison, the customer service manager on duty that day, was summoned to aisle one. Upon arriving, Ellison noted that the display base was empty. As required by the store's safety policies and procedures, Ellison filled out an incident report. She also took a photograph of the scene, showing the empty display base and the soft drink cases stacked to the side against the shelves. In her report, Ellison noted that the reason for the accident was that Fox

> fell over a Coke display stand -- 12pk Cokes were sitting on the floor to the left of display stand -- Tiles had been replaced last night.

She also noted on the report that an "unusual condition" existed at the site of the accident. She testified at trial that the condition she was referring to was the replacement of floor tiles in that area the night before.

-2-

Jeffrey Shelton was the produce manager of the store on the day of the accident. He had arrived at work that day at 6:00 a.m. to begin stocking the produce department. He recalled that he went through aisle one approximately 10 to 15 times the morning plaintiff fell in order to bring produce from the coolers located in the rear of the store to the produce department in the front of the store. He testified that on each of these trips, he saw 12-pack cases of soft drinks on the display base and that he never saw it empty. Shelton further testified that after the accident occurred, the display base still had some 12-pack cases on it and that these remaining cases were removed to facilitate the taking of a photograph of the display base.

At the close of the plaintiff's proof, and again at the conclusion of all the proof, Food Lion moved for a directed verdict, which motion was, each time, denied. The jury returned a verdict in favor of Fox, finding that Food Lion was 80% at fault for her injuries. It assessed the remainder of the fault to Fox. The trial court approved the jury's verdict and awarded Fox $112,000 in damages. This appeal followed.

III.

A.

Food Lion first argues that there is no material evidence to support the jury's finding that Food Lion had actual or constructive notice of the dangerous condition that caused Fox's fall and resulting injuries.

Generally speaking, the liability of an owner or operator of property for a dangerous or defective condition on its premises is dependent upon a showing that the condition (1) was caused or created by the owner/operator or its agent, or (2) if created by someone other than the principal or its agent, was a condition of which the owner/operator had actual or constructive notice prior to the accident. **Hardesty v. Service Merchandise Co.,** 953 S.W.2d 678, 682 (Tenn. Ct. App. 1997); **Martin v. Washmaster Auto Center, U.S.A.,** 946 S.W.2d 314, 318 (Tenn. Ct. App. 1996).

We find that there is material evidence from which the jury could have concluded that floor tiles had been replaced in the general area of the display base the night before the plaintiff fell. There was also material evidence indicating that when the plaintiff fell, the base was empty. From these facts, the jury could have reasonably concluded that an agent of the store had removed the soft drink cases from the display base the night before the plaintiff's fall and stacked them against the shelves to facilitate the replacement of the floor tiles in the general area of the plaintiff's fall. Furthermore, the jury could have reasonably concluded from the evidence, including the incident report, that the soft drink cases had not been re-stacked on the display base following the completion of the tile replacement project. Although this latter conclusion contradicts the testimony of the defendant's produce manager that the display base was not empty immediately after the plaintiff's fall, the jury was free to disregard his testimony, particularly in light of the testimony of Fox and the customer service manager to the contrary. "Reconciling apparently conflicting testimony and evaluating the witnesses' credibility are, in the first instance, the jury's responsibilities." **Grissom v. Metropolitan**

***Gov't of Nashville,*** 817 S.W.2d 679, 683 (Tenn. Ct. App. 1991).  The jury could have concluded from the produce manager's testimony, however, that he indeed traversed aisle one 10 to 15 times the morning of the accident and had seen what was there to be seen, that is, the empty display base. From all of this evidence, the jury could have reasonably concluded that Food Lion created the dangerous condition or, at a minimum, had actual notice of the condition prior to the plaintiff's fall. We therefore find that there is material evidence to support a finding that Food Lion is legally culpable with respect to the dangerous condition resulting from the empty display base.

B.

In order to assert a successful claim of negligence, a plaintiff must prove the following elements: "(1) a duty of care owed by the defendant to the plaintiff; (2) conduct by the defendant falling below the standard of care amounting to a breach of the duty; (3) an injury or loss; (4) causation in fact; and (5) proximate causation." ***Rice v. Sabir,*** 979 S.W.2d 305, 308 (Tenn. 1998). In determining whether a duty exists, which is a question of law, *see **Carson v. Headrick***, 900 S.W.2d 685, 690 (Tenn. 1995), a court must balance the foreseeability and gravity of the harm against the burden on the defendant to engage in alternative conduct that would have prevented the harm. ***Coln v. City of Savannah,*** 966 S.W.2d 34, 43 (Tenn. 1998).

Food Lion argues that it owed no duty to Fox because her injury was not foreseeable. Specifically, it argues that it had no notice of the dangerous condition; that the display was open and obvious; that it was not foreseeable that plaintiff would be reading a box of crackers while walking through the store; and that her injuries were not foreseeable in light of her familiarity with the store.

Food Lion's first argument -- that it did not owe a duty to Fox because it had no notice of the dangerous condition -- is without merit.  We have already determined that there is material evidence in the record to support a finding that Food Lion created or had actual notice of the dangerous condition, thereby imposing a duty on Food Lion to act with reasonable care.

Next, Food Lion contends that it could not have foreseen the probability of harm given the open and obvious nature of the display base.  The defendant emphasizes the considerable size of the base, as well as the "stark contrast" between the base -- being black in color -- and the white floor. It is also Food Lion's contention that Fox negligently failed to observe the "open and obvious" danger posed by the empty display base because she was reading a box of crackers while walking down the aisle.  Moreover, Food Lion argues that Fox's injuries were not foreseeable because she was a frequent shopper at the store and thus was familiar with the store's layout, including the location of the display base.

The so-called "open and obvious" doctrine was addressed and changed by the Supreme Court in *Coln v. City of Savannah,* 966 S.W.2d 34 (Tenn. 1998). In *Coln*, the Supreme Court adopted the approach of the Restatement (Second) of Torts § 343A[1] and held as follows:

> That a danger to the plaintiff was "open or obvious" does not, *ipso facto,* relieve a defendant of a duty of care. Instead, the duty issue must be analyzed with regard to foreseeability and gravity of harm, and the feasibility and availability of alternative conduct that would have prevented the harm. The factors provided in the Restatement (Second) of Torts § 343A relate directly to the foreseeability question; in short, if the foreseeability and gravity of harm posed from a defendant's conduct, even if "open and obvious," outweighed the burden on the defendant to engage in alternative conduct to avoid the harm, there is a duty to act with reasonable care. The circumstances of the case are then analyzed under comparative fault.

*Coln,* 966 S.W.2d at 43.

Upon reviewing the record, we cannot agree with Food Lion that it had no duty under the duty-of-care analysis of *Coln*. The base was only six inches tall and was placed between two taller center-of-the-aisle displays stocked with merchandise. Even if the subject display base was "open and obvious," however, such a condition would not necessarily relieve Food Lion of a duty of care to its customers. *See id.* A premises owner's duty may arise, despite the obviousness of the dangerous condition, if the owner "has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Id.* at 41 (quoting Restatement (Second) of Torts, § 343A (comment f)). We find that Food Lion had reason to expect that the attention of a customer such as Fox would be distracted; Linda Ellison, the defendant's customer service manager, acknowledged as much when she testified that merchandise is placed on shelves and on displays for the purpose of attracting the attention of customers. Furthermore, a grocery store should reasonably expect customers to inspect and read items while they are shopping. Thus, even if Fox had been reading a box of crackers when she fell -- a theory unsupported by the evidence in this case -- her injuries were not unforeseeable. On the contrary, we find that the plaintiff's fall and resulting injuries were entirely foreseeable. In fact, Food Lion acknowledged in its own safety policies and procedures the potential hazard of leaving a display base empty. Both the defendant's customer service manager and its produce manager admitted that such a condition is a violation of those policies and procedures.

---

[1] Restatement (Second) of Torts § 343A provides, in pertinent part, that "[a] possessor of land is not liable to his invitees for physical harm caused to them by any activity or condition on the land whose danger is known or obvious to them, unless the possessor should anticipate the harm despite such knowledge or obviousness."

Finally, the fact that Fox had regularly shopped in the store does not relieve Food Lion of its duty of care with regard to this dangerous condition. There was no evidence to suggest that the display base had been empty on any of Fox's prior visits. Furthermore, the fact that Fox may have been familiar with the general layout of the store does not change the fact that this display base, left empty, was a dangerous condition that imposed on Food Lion a duty to act with reasonable care. There is material evidence from which a jury could reasonably conclude that Food Lion breached its duty in this case.

C.

Finally, Food Lion contends that there is no material evidence to support the jury's allocation of 80% of the fault to Food Lion and 20% to Fox. It argues that Fox was responsible for more than 50% of her injuries. A jury's allocation of fault will be set aside only if there is no material evidence to support the verdict. *See* **Turner v. Jordan**, 957 S.W.2d 815, 824 (Tenn. 1997). Upon reviewing the evidence, we find that there is material evidence to support the jury's allocation of fault in this case. This issue is also found adverse to the defendant.

IV.

The judgment of the trial court is affirmed. Costs on appeal are taxed to the appellant. This case is remanded to the trial court for enforcement of the judgment and collection of costs assessed below, all pursuant to applicable law.

_____
CHARLES D. SUSANO, JR., JUDGE